IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMIE JOHN-CRANE,

        Plaintiff,

  v.

MIDLAND CREDIT MANAGEMENT INC.,

        Defendant.

Civ. No. 6:24-cv-001771-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant Midland Credit Management Inc.'s Motion to Dismiss, ECF No. 8. For the reasons set forth below, the motion is GRANTED.

**LEGAL STANDARD**

**I.   Lack of Subject Matter Jurisdiction Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

## II.   Failure to State a Claim Rule 12(b)(6)

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678.  Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## DISCUSSION

Plaintiff Jamie John-Crane originally filed her Complaint in Lane County Circuit Court as a small claim on October 3, 2024, alleging that Defendant Midland Credit Management, Inc. violated the Fair Credit Reporting Act by accessing Plaintiff's consumer credit report on April 22, 2024, June 4, 2024, and August 8, 2024. ECF No. 1.  Defendant timely removed the case to this Court and now moves to dismiss the action.

Plaintiff has an open Chapter 7 bankruptcy case in the District of Oregon, *In*

*re Jamie John-Crane*, Case No. 24-61994-tmr7.[1] The bankruptcy case was commenced on August 30, 2024, by Plaintiff's voluntary petition. Plaintiff filed the present case more than a months later, in October 2024. ECF No. 1. The acts alleged in the Complaint occurred on April 22, 2024, June 4, 2024, and August 8, 2024, and predate the filing of the bankruptcy petition. Defendant moves to dismiss this case on the basis that Plaintiff is not the real party in interest and lacks standing to pursue these claims.

The property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The scope of section 541 is broad, and includes causes of action." *Sierra Switchboard v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986). A bankruptcy trustee is the estate's representative and has the "capacity to sue and be sued" on behalf of the estate. 11 U.S.C. § 323. "Thus, the bankruptcy trustee controls the bankruptcy estate and is the real party in interest in causes of action that belong to the estate" and "a bankruptcy debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing that the asserted claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee." *Webb v. Bayview Loan Serv., LLC*, 6:12-CV-1795-AA, 2012 WL 2039275, at *2 (D. Or. May 9, 2013).

Although Plaintiff filed a Response to Defendant's Motion to Dismiss, ECF No.

---

[1] Defendant requests that the Court take judicial notice of the bankruptcy proceeding. "[C]ourt filings and other matters of public record" are ordinarily considered appropriate subjects of judicial notice because they are "readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court takes judicial notice of Plaintiff's ongoing bankruptcy proceeding in *In re Jamie John-Crane*, Case No. 24-61884-tmr7.

13, she does not address the bankruptcy issue. In doing so, Plaintiff has forfeited her opportunity to make a showing that the claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. Nor does Plaintiff suggest that she might substitute the bankruptcy trustee in her place pursuant to Federal Rule of Civil Procedure 17(a)(3). The Court concludes that Plaintiff decision to bring this Complaint in her own name, despite filing for bankruptcy, is not an "understandable mistake" and so the Court concludes that dismissal, rather than substitution is the appropriate remedy. *See Dunmore v. United States*, 358 F.3d 1107, 1112-13 (9th Cir. 2004); *Webb*, 2013 WL 2039275, at *4.

The cause of action alleged in this case is part of the bankruptcy estate and Plaintiff is not the real party in interest to bring such claims. Defendant's Motion to Dismiss, ECF No. 8, is GRANTED and this case is dismissed without prejudice but without leave to amend.

## CONCLUSION

For the reasons set forth above, Defendant Midland Credit Management, Inc.'s Motion to Dismiss, ECF No. 8, is GRANTED and this case is DISMISSED without prejudice. All other pending motions are MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___9th___ day of June 2025.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge